UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

U.S. WATER SERVICES CORPORATION,
a Florida corporation,

    Plaintiff,

v.                                        CASE NO:

BRANDON STONE,

    Defendants.
_____/

## COMPLAINT FOR TEMPORARY PRELIMINARY AND PERMANENT INJUNCTION AND DAMAGES

The Plaintiff, US WATER SERVICES CORPORATE ("US WATER"), by and through undersigned counsel, files this Complaint for Damages and Injunctive Relief against BRANDON STONE ("STONE"), and alleges as follows:

### Nature of Action

1. STONE, who previously worked for US Water, violated and continues to violate a number of contractual obligations he owes to US Water by seeking employment and actively working in the employ of a former customer of US Water in violation of an Employment Agreement between the parties. Accordingly, US Water asks this Court to enjoin STONE from working directly or indirectly for the City of Runaway Bay and award US Water damages pursuant to STONE's breach of contract.

### The Parties

2. US Water is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in New Port Richey, Florida. Thus, US Water is a citizen of Florida.

3. Brandon Stone is an individual who previously worked for US Water, in Runaway Bay/Bridgeport, Texas and is domiciled in Texas. Therefore, STONE is a citizen of Texas.

## Jurisdiction and Venue

4. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action where the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and where Plaintiff seeks non-monetary damages.

5. Defendant is subject to personal jurisdiction in the state of Florida pursuant to Florida's long-arm statute, Section 48.193(1)(a)(9), Florida Statutes, because he expressly stipulated to litigation in Florida in a contract that comports with Section 685.102, Florida Statutes.

6. Venue is appropriate in Pasco County, Florida based on an employment agreement between the parties.

## Factual Allegations

7. US Waters works with governments, communities, businesses, and organizations all over to United States to provide advanced clean water and wastewater treatment solutions.

8. US Water has operations in Florida, Georgia, Iowa, Illinois, Oklahoma, and Texas.

9. The relationships and goodwill US Water has with its customers are essential and invaluable elements of US Water's business.

10. US Water has incurred substantial costs in developing and protecting its relationships with customers, vendors, suppliers, and prospective customers.

11. US Water has a legitimate interest in protecting its substantial relationships with customers, vendors, suppliers, and prospective customers.

12. To that end, US Water requires its employees to execute written agreements with US Water not to solicit US Water's customers or prospective customers or work for any current, former, or prospective customers.

13. US Water employed STONE from May 27, 2014, until he voluntarily resigned on January 13, 2020.

14. STONE worked as a Plant Operator, where he was responsible for the maintenance and operations of a water and wastewater system or plant.

15. Throughout his employment with US Water, STONE maintained substantial relationships with existing and prospective clients and worked closely with the client's that he serviced. US Water provides its employees, like STONE, this close relationship so that they can provide clients with the best services.

16. As a result, there were times when clients would attempt to poach US Water employees and have them perform the same services internally.

17. Accordingly, these agreements were necessary to protect US Water's investments and continuing business relationships.

18. US Water provided STONE with extensive on-the-job training in water and wastewater treatment from US Water's then Lead Operations Manager, John Fluharty, and then Regional Manager, Connie Fluharty. US Water paid for STONE to take the courses required by the State of Texas for the "Surface Water Treatment Operator C," "Wastewater Treatment Operator C," and "Surface Water Treatment Operator B" licenses. A true and correct copy of the License Detail for Brandon Stone is attached hereto as Exhibit A. STONE completed the courses and received the "Surface Water Treatment Operator C" and "Wastewater Treatment Operator C" licenses on November 1, 2017, both which were required to service US Water's client, the City of

Runaway Bay. (*Id.*). STONE applied for the "Surface Water Treatment Operator B" license, but he failed to list his experience on the application. As a result, the application is currently listed as deficient.

19. In consideration for his employment and compensation by US Water, and in consideration of the substantial relationships with US Water's clients STONE would have to maintain in connection with his employment, STONE executed an employment agreement with US Water on May 27, 2014 ("Agreement"). A genuine copy of the Agreement is attached hereto as Exhibit B.

20. Given the nature of his position, and the sensitive information to which he was exposed, the Agreement signed by STONE expressly provides:

> 2. **Noncompetition Covenant.** I agree that during the course of my relationship with USW and for a period of twenty-four (24) months after termination, whether voluntary or involuntary, with or without cause, I will not accept employment with, or provide or offer to provide products or services to any existing, prospective or former customers of USW to whom or for which I provided services on behalf of USW, nor shall I compete directly or indirectly with USW for business of such existing, prospective or former customers where such competition is based on my history with USW or the skills, knowledge or information I gained or utilized during my relationship with USW, including, without limitation, assisting any other individual or business entity, of whatever type or description, in providing any such competing products or services.

*See* Exhibit B, p. 4. US Water further defines existing, prospective, or formers customers as "any and all customers or prospective customers of USW to whom I provided service, offered to provide services or about which I learned Confidential Information during the course of my relationship with USW." *See* Exhibit B, p. 4, fn 1.

21. In fact, the Agreement states:

> I understand that each of my covenants herein are essential elements or my relationship with USW and that, but for my agreement to

4

>  comply with such covenants, USW would not have agreed to enter
>  into or continue its relationship with me. . . .

See Exhibit B, p. 5.

22. The Agreement also waives STONE's right to jury trial and consents to the "jurisdiction of the Florida court system and agree that the exclusive venue for any dispute or legal action arising out of or related in any way to this Agreement shall be in Pasco County, Florida." See Exhibit B, p. 6.

23. Under the Agreement, STONE also expressly agreed for a period of twenty-four (24) months not to be employed by any existing or former customer that he serviced. See Exhibit B, p. 4.

24. The restrictive covenants in the Agreement are justified by US Water's legitimate business interests in:

>  a. Maintaining its substantial relationships with prospective and existing customers, vendors, and suppliers; and
>
>  b. Protecting its customer goodwill and business reputation.

25. Each of the covenants specified in the Agreement is reasonable and necessary to protect US Water's legitimate business interests and survives the termination of the Agreement.

26. Throughout his employment, STONE provided services to the City of Runaway Bay.

27. US Water provided the City of Runaway Bay with operations and maintenance services of its water and wastewater municipal treatment plants pursuant to an Agreement since April 1, 2010. A copy of the Operations and Maintenance Agreement and First Amendment is attached as Exhibit C.

28. On January 13, 2020, STONE voluntarily resigned from his employment with US Water.

29. Subsequent to his employment with US Water – but well within the 24-month period prohibited by the Agreement – Stone became employed by the City of Runaway Bay, where he remains employed to this day. A copy of STONE's Facebook page reflecting his current employment is attached as Exhibit D.

30. Indeed, on several occasions between January 27, 2020 and March 31, 2020, US Water employees observed STONE driving a City of Runaway Bay truck.

31. STONE's employment with the City of Runaway Bay is in direct violation of his Agreement with the City.

32. On January 31, 2020, US Water sent a letter to STONE reminding him of the promises he made under the Agreement and demanding that STONE stop all acts that interfere or may interfere with the promises he made to US Water in the Agreement. A copy of the letter and attachments is attached as Exhibit E.

33. Furthermore, by employing STONE, the City of Runaway Bay violated its Operations and Maintenance Agreement with US Water.

34. US Water has been required to retain the undersigned law firm and pay it a reasonable fee for the prosecution of this lawsuit which is recoverable pursuant to the Agreement.

35. All conditions precedent to the commencement of this action have been satisfied, performed, waived, or executed.

### Count I — Temporary Preliminary and Permanent Injunction

36. US Water re-alleges and incorporates paragraphs 1 through 35 herein.

37. This is an action for a temporary preliminary and permanent injunction to prevent STONE from continuing to breach the Agreement.

38. US Water has performed all conditions, covenants, and promises required of it under the terms of the Agreement.

39. US Water has a clear legal right to the relief sought and has a clear interest in the subject matter of this suit.

40. US Water is suffering and will continue to suffer immediate and irreparable injury, harm, and damage if STONE is permitted to continue breaching the Agreement by maintaining his employment with the City of Runaway Bay, as specified in the Agreement.

41. US Water has no adequate remedy at law to protect itself from the continuing irreparable harm caused by STONE's breach of the Agreement. There is no adequate remedy at law for STONE's breach as it relates to US Water's legitimate business interest.

42. The threatened injury to US Water by STONE'S breach outweighs the potential harm STONE may suffer from being ordered to comply with his signed Agreement.

43. The entry of an injunction will not disserve the public interest in general by enforcing employment agreements and upholding the expectations of the Parties as set forth in the Agreement.

WHEREFORE, US Water requests that this Honorable Court enter judgment against STONE, including a temporary preliminary and permanent injunction prohibiting STONE from working directly or indirectly for the City of Runaway Bay, award US Water its costs and attorneys' fees, and grant all other relief deemed just and proper.

## Count II - Breach of Contract

44. US Water re-alleges and incorporates paragraphs 1 through 35 herein.

45. US Water has performed all conditions, covenants, and promises required of it under the terms of the Agreement.

46. STONE has breached, and is materially breaching, the Agreement by being employed by the City of Runaway Bay.

47. As a result of STONE's breach, US Water has suffered, and will continue to suffer, irreparable injury to its business, customer relationships, goodwill, and business reputation. In addition, US Water has lost revenue and is, therefore, entitled to an award of actual and consequential damages.

WHEREFORE, US Water asks that this Honorable Court enter judgment against STONE for breach of contract, award US Water its actual and consequential damages for the breach, award US Water its costs and attorneys' fees, and grant all other relief deemed just and proper.

Dated: July 8, 2020

Respectfully submitted,

/s/Suhaill M. Morales
Robert L. Norton
Florida Bar No. 128846
rnorton@anblaw.com
Suhaill M. Morales
Florida Bar No. 084448
smorales@anblaw.com
Steven D. Reardon
Florida Bar No. 1003515
sreardon@anblaw.com
**Allen, Norton & Blue, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Plaintiff*